UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 14-40028-TSH |
| JAMES MERRILL, ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____) | |

### ORDER ON MOTION TO USE ALTERNATIVE PROCEDURES TO NOTIFY POTENTIAL VICTIMS

November 14, 2014

Hennessy, M.J.

The United States has moved for authorization to use alternative procedures to notify potential victims, pursuant to 18 U.S.C. § 3771(d). (Docket #106). Defendant, James Merrill ("Merrill"), filed an opposition to one aspect of the Government's proposal. (Docket #109). The United States has not moved for leave to file a reply. This matter is ripe for adjudication. For the reasons that follow, the Government's motion is hereby GRANTED in part and DENIED in part.

Under 18 U.S.C. § 3771, crime victims have various rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The statute defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense," 18 U.S.C. § 3771(e), and recognizes that, for crimes involving multiple victims, the Court has discretion to adopt procedures that will not unduly interfere with ongoing criminal proceedings:

1

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

18 U.S.C. § 3771(d)(2).

This case involves alleged wrongdoing by the owners of TelexFree, Inc., and related entities ("TelexFree"). The indictment alleges, in relevant part, that TelexFree operated as a pyramid scheme, essentially by inducing individuals to buy into TelexFree's compensation and sales program, and then using that revenue to cover TelexFree's obligations to compensate existing promoters.

At this stage, the United States represents that it does not know precisely how many promoters would qualify as victims under 18 U.S.C. § 3771. It estimates that approximately 785,000 worldwide signed on to be promoters. Moreover, the United States maintains that, regardless of its ability to calculate the number of victims, it would be impossible to give each of them individual notice consistent with their rights under 18 U.S.C. § 3771.

In light of these facts, the United States proposes six separate means of notifying victims: (a) Department of Justice Victim Notification System; (b) TelexFree Information Web Site; (c) Toll-Free Telephone Number and Victim Assistance Email Address; (d) Press Releases and Newspaper Notices; (e) Outreach Efforts; and (f) "Blast Emails." (Docket #106).

Merrill does not oppose these measures except as to item (d) Press Releases and Newspaper Notices. Although styled "Press Releases and Newspaper Notices," item (d) proposes that the United States "post notice[s] in certain newspapers or other periodicals, alerting readers to the case and providing contact information if any reader believes he or she is a victim." (Id.). Merrill expresses concern regarding that such notices in newspapers and periodicals risks tainting the jury pool by way of adverse pretrial publicity. (Docket #109). In

particular, Merrill is concerned that the notices will repeat allegations, such as TelexFree operating as a pyramid scheme, and thereby poison the potential jury pool.

A number of competing and compelling interests are at stake. Defendant has a Sixth Amendment right to an impartial jury and a due process right to a fair trial in which jurors base their verdict on the evidence presented in court, and not on extrajudicial influences. See Skilling v. United States, 561 U.S. 358, 378 (2010). The public has a First Amendment right of access to proceedings and filings, and the Sixth Amendment right to a public trial contemplates the public's access to trials and related court proceedings. See Press-Enter. Co. v. Superior Court, 464 U.S. 501, 508 (1984). Finally, as discussed above, the United States has an obligation to crime victims. In an effort to balance these fundamental and important interests, I adopt the following:

The motion of the United States is allowed except as to item (d) "Press Releases and Newspaper Notices." With respect to item (d) "Press Releases and Newspaper Notices," insofar as the United States issues press releases or newspaper notices for the exclusive purpose of providing information consistent with the rights of crime victims under 18 U.S.C. § 3771(a), such releases and/or notices shall avoid reciting allegations contained in the pleadings except as is necessary to comply with the notification obligations, but such press releases and notices may refer readers to such pleadings.

To be clear, the United States is not prohibited from issuing a press release that in its discretion reports newsworthy developments in this prosecution. Rather, where it releases for publication in the press information in furtherance of its obligations to crime victims, it shall avoid the unnecessary repetition of allegations in the pleadings.

For the foregoing reasons, the Government's motion to use alternative procedures to notify potential victims (Docket #106) is hereby ALLOWED in part and DENIED in part.[1]

       / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any position thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).